**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*
**John C. Brassell**
Assistant U.S. Attorney
John.Brassell@usdoj.gov
(503) 727-1000
*Reply to Medford Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
Acting United States Attorney

**EUGENE BRANCH**
405 E. 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 29, 2021

Devin Huseby
15 Newtown Street
Medford, OR 97501

    Re:   *United States v. Thomas Dwayne Reif*, Case No. 1:21-cr-00186-MC
           Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: Except as provided herein, this plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Counts 1 and 2 of the Indictment, which charge possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of Title 21, United States Code, Section 843(a)(3).

3.    **Penalties**: The maximum sentence is four years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), one year of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements**: In order for defendant to be found guilty of Counts 1 and 2 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

Devin Huseby
Re: Thomas Dwayne Reif Plea Agreement Letter
Page 2

First, defendant possessed a controlled substance; and,

Second, that misrepresentation, fraud, forgery, deception, or subterfuge was the cause-in-fact of the acquisition of the controlled substance.

6. **Factual Basis**: Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

On or about November 27, 2020, defendant, a police officer with the Klamath Falls Police Department, knowingly and through misrepresentation and subterfuge, misused his credentials as a police officer to enter the Klamath Falls Police Department's temporary evidence room, access another officer's secured evidence locker using an unauthorized key, and remove an evidence item containing methamphetamine and fentanyl from inside. Shortly after, defendant overdosed while operating his police cruiser. Toxicology reports for defendant's blood and urine returned positive for substances including methamphetamine and fentanyl.

On a date uncertain, but before December 1, 2020, defendant also knowingly and through deception and subterfuge, used his assigned personal locker at the Klamath Falls Police Department to conceal a Klamath Falls Police Department evidence bag containing methamphetamine.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D2.2 is a Base Offense Level of 8 prior to adjustments.

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

Revised May 2018

Devin Huseby
Re: Thomas Dwayne Reif Plea Agreement Letter
Page 3

10. **Joint Sentencing Recommendation**: The parties agree to jointly recommend a five-year term of probation, and as special conditions of that probation, that defendant successfully complete a Veteran's Court program, surrender his Department of Public Safety Standards and Training (DPSST) certification, and comply with all terms and conditions of probation in *State v. Thomas Reif*, Case No. *21CR04886* and the to-be-charged case in Klamath County, Oregon (See Attachment 1). This recommendation is contingent upon defendant demonstrating an acceptance of responsibility as explained above.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

Devin Huseby
Re: Thomas Dwayne Reif Plea Agreement Letter
Page 4

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.  **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

Devin Huseby
Re: Thomas Dwayne Reif Plea Agreement Letter
Page 5

16. **Deadline**: This plea offer expires if not accepted by August 13, 2021 at 5:00 p.m.

                                         Sincerely,

                                         SCOTT ERIK ASPHAUG
                                         Acting United States Attorney

                                         */s/ John C. Brassell*
                                         JOHN C. BRASSELL
                                         Assistant United States Attorney

       I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8/11/21
Date                                                    Defendant

       I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/11/21
Date                                                    Attorney for Defendant